UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEVELAND BELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-339** |
| **TIM HOOPER, WARDEN** | **SECTION "H"(4)** |

### TRANSFER ORDER

Petitioner Cleveland Bell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his 1997 Jefferson Parish conviction and life sentence for second degree murder.  Bell asserts that the prosecution withheld evidence favorable to the defense and that the state trial court used an unconstitutional jury instruction on reasonable doubt.  ECF No. 4, at 5 & 7.

A review of the Court's records reflects that petitioner previously filed a § 2254 petition related to the same conviction.  In that petition, *Bell v. Cain*, Civ. Action 02-0259"I", Bell asserted that his conviction was obtained through perjured testimony, obstruction of justice, prosecutorial misconduct, and hearsay in violation of the Confrontation Clause, and his counsel was ineffective for failure to call impeachment witnesses and for presenting an unsupported defense.  The petition was dismissed with prejudice on the merits by Order and Judgment entered August 29, 2002.[1] The United States Fifth Circuit Court of Appeals denied Bell issuance of a certificate of appealability.[2]

In 2016, the case was reallotted on recusal of the original district judge, and this Court denied Bell's motion for relief form judgment brought under Fed. R. Civ. Proc. 60(b).[3]  The

---

[1] Civ. Action 02-0259"I", ECF Nos. 9 & 10.
[2] *Id*., ECF No. 15.
[3] *Id*., ECF No. 22.

United States Fifth Circuit again denied Bell issuance of a certificate of appealability.[4] On October 1, 2018, the United States Supreme Court denied Bell's request for writ of certiorari.[5]

The current petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244.  Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

A search of the docket records of the United States Fifth Circuit does not reflect that Bell has sought or obtained the required authorization.  Until such time as petitioner has done so, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that Cleveland Bell's Section 2254 petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

---

[4] *Id*., ECF No. 31.
[5] *Id*., ECF No. 32; *Bell v. Vannoy*, 139 S. Ct. 74 (2018).

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

    New Orleans, Louisiana, this 26th day of February, 2024.

                                                  _____

                                                     UNITED STATES DISTRICT JUDGE